IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDAL PRUIT,

    Plaintiff,

vs.                                                            No. 1:20-cv-00467-WJ-SCY

HALY LEVY and
TIMOTHY ORUM,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING CONSOLIDATION

THIS MATTER is before the Court on the Motion to Consolidate filed by Defendants (Doc. 22). The Motion seeks consolidation of this case with *Pruit v. Orum*, No. 1:23-cv-00050-DHU-LF. Plaintiff Pruitt opposes consolidation. (Doc. 30). Weighing the Fed. R. Civ. P. 42(a) considerations for consolidation, the Court denies the Motion to Consolidate.

This civil rights case arises out of an October 21, 2017 traffic stop and subsequent arrest of Plaintiff Randal Pruit for driving while intoxicated by Clovis police officers, Defendants Haly Levy and Timothy Orum. (Doc. 1). Plaintiff is proceeding *pro se* and filed the case as an original action in this Court. Defendants seek consolidation of this case with *Pruit v. Orum*, No. 1:23-cv-00050-DHU-LF. (Doc. 22). The Court notes that the Motion to Consolidate was filed in this case but not in No. 1:23-cv-00050-DHU-LF. Case No. 1:23-cv-00050-DHU-LF arises out of a December 31, 2017 alleged intrusion into Plaintiff's house and subsequent arrest for DWI by Clovis police officer Timothy Orum after Plaintiff crashed his car into a neighbor's SUV. (No. 1:23-cv-00050-DHU-LF Doc. 1-1). Case No. 1:23-cv-00050-DHU-LF was originally filed in

1

New Mexico state court and was removed to this Court by the sole Defendant, Timothy Orum. Plaintiff Pruit is represented by counsel in No. 1:23-cv-00050-DHU-LF.

Rule 42(a) provides that if actions before the court involve a common question of law or fact, the court may consolidate the actions. Fed.R.Civ.P. 42(a). Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Once the district court determines there is a common question of law or fact, the Court weighs the interest of judicial convenience in consolidating against the delay, confusion, and prejudice that consolidation might cause. *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). Judicial economy and reduction of the burden on the parties and witnesses are also considerations. The party moving for consolidation, bears the burden of proving that consolidation is desirable. *Id.* "Courts have employed a balancing test to determine whether consolidation serves the interests of justice. In weighing the interests of convenience and economy against an ultimate goal of fairness and impartiality at trial, as well as individual justice, courts have found fairness must be paramount." 8 James Wm. Moore et al., Moore's Federal Practice ¶ 42.10[4][a](3d ed. 1997). Applying these standards to the present motion, the Court finds that Defendants have not carried their burden of proving that consolidation is desirable.

First, the Court finds that the two cases do not involve a common question of law or fact. Although both cases are brought under the general civil rights law of 42 U.S.C. § 1983, the cases are factually distinct.  They arise from incidents on different dates and at different locations.  One involves a motor vehicle traffic stop and subsequent arrest, while the other arises from police intrusion into a residence.  In light of the distinct factual basis, the legal standards applicable to a traffic stop and DWI arrest are different from the legal standards for a home intrusion. *Compare,*

*e.g., Courtney v. Oklahoma ex rel. Dept. of Public Safety,* 722 F.3d 1216 (10th Cir. 2013) (traffic stop and arrest) and *United States v. Anderson*, 154 F.3d 1225, 1233 (10th Cir.1998) (home intrusion).  Further, a major issue in 23-cv-00050 is the affirmative defense of whether the applicable statute of limitations bars the action (23cv50, Doc. 22), an issue that is entirely absent in 20-cv-00467. The injection of different legal standards and different legal defenses through consolidation would likely result in potential jury confusion and prejudice.  *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. at 1572.

Nor would consolidation serve any interests of judicial economy or fairness and impartiality.  Although there is one common defendant in both actions, Officer Orum, the other law enforcement officers and witnesses are different for the two cases.  Even if there would be a slight savings of time in being able to obtain the testimony of a few individuals such as Officer Orum in a single deposition or at trial, that savings would be substantially outweighed by juror confusion of the issues between the two cases, potential prejudice, and difficulty in formulating limiting instructions as to when and how the jury can consider evidence relevant to one case but not to the other.

Last and most importantly, Plaintiff is proceeding pro se in this case, but is represented by counsel in 23-cv-00050.  Plaintiff's counsel has made it clear in Plaintiff's response to the motion to consolidate that counsel will not represent Plaintiff in 20-cv-00467.  (Doc. 30 at 1, 3).  District Courts have discretion as to whether to allow "hybrid representation" where a party is proceeding pro se in part and represented by counsel in part. *See United States v. Couch*, 758 F. App'x 654, 656 (10th Cir. 2018).  However, this Court does not permit hybrid representation. *Id.*  Trying to accommodate proceedings that are partially pro se and partially counseled would unnecessarily burden and delay ultimate resolution of both cases.  Allowing hybrid representation would lay the

3

groundwork for potential conflicts where Plaintiff and his counsel disagree as to case strategies, resulting in significant juror confusion and unfair prejudice to some or all of the parties. See Doc. 30 at 3.

The two cases do not involve common questions of law and fact. Consolidation would not serve the interests of either judicial economy or fairness. *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. at 1572. Therefore, the Court denies the Motion to Consolidate filed by Defendants (Doc. 22).

IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE