**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**RANDAL PRUIT,**

        **Plaintiff,**

**vs.**                                                    **No. 1:20-CV-00467- WJ-SCY**

**HALEY LEVY, TIMOTHY
ORUM,**

        **Defendants.**


**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT
AGREEMENT AND FOR ORDER OF DISMISSAL**

THIS MATTER having come before the Court on Defendants' Motion to Enforce Settlement Agreement and for Order of Dismissal (Doc. 45) ("Motion to Enforce Settlement), the Court having read the motion, Plaintiff having filed no response within the time limit set by the Court, and the Court being otherwise fully advised in the premises, finds that the motion should be granted.

Defendants' Motion to Enforce Settlement states that the parties entered into an agreement to settle this case and a second case, 1:23-cv-00050-DHU-LF in August 2023. (Doc. 45 at 2-3). During the settlement negotiations, Plaintiff was represented by his counsel of record in 1:23-cv-00050-DHU-LF. (Doc. 45 at 3). All parties, including Plaintiff, signed a Settlement Agreement and Mutual Release. (Doc. 45-1 at 3-4). In the Settlement Agreement and Mutual Release, Plaintiff agreed to dismiss this action with prejudice no later than 10 days after Plaintiff's receipt of the settlement payment from Defendants. (Doc. 45-1 at 1). On September 5, 2023, the parties notified the assigned Magistrate Judge that they had reached a settlement of the case. (Doc. 45 at

1

3).  The Magistrate Judge ordered that the dismissal papers be submitted no later than 45 days from September 5, 2023.  (Doc. 45 at 3; Doc. 39, 40).

The Defendants issued the settlement check to Plaintiff and Plaintiff received and accepted the settlement check on August 31, 2023.  (Doc. 45 at 3; Doc. 45-2 at 1-2).  Plaintiff does not dispute that he received the settlement payment and concedes that he has spent some of the settlement funds.  (Doc. 43 at 1).  Plaintiff, however, has refused to sign the dismissal papers to have this proceeding dismissed as agreed to in the Settlement Agreement and Mutual Release.  (Doc. 45 at 3; Doc. 45-1).

On November 7, 2023, when the dismissal papers had not been filed, the Court held a status conference with the parties. (Doc. 43). Defendants advised the Court they intended to move to enforce the settlement, and Plaintiff stated that he intended to try to rescind the Settlement Agreement. (Doc. 43 at 1).  The Court ordered the parties to file any motions directed to the Settlement Agreement within 14 days after the status conference and that responses to any motions would be due 14 days after service of the motion. (Doc. 43 at 2).  Therefore, the deadline for filing a motion directed to the settlement was November 21, 2023, and the deadline for any response to a motion was December 5, 2023.  (Doc. 43 at 2).

Defendants timely filed their Motion to Enforce on November 21, 2023.   (Doc. 45). Plaintiff did not file a motion to rescind the settlement agreement.  Instead, on December 7, 2023, Plaintiff filed a motion asking the Court to extend the time to December 12, 2023, for him to respond to the Motion to Enforce.  (Doc. 46).  The Court granted the extension of time and ordered Plaintiff to file his response before or on December 12, 2023.  (Doc. 47).  The Court's order also notified Plaintiff that if he did not file his response before or on December 12, 2023, he would be deemed to have consented to the Motion to Enforce.  (Doc. 47).

Plaintiff did not file his response to the Motion to Enforce before or on December 12, 2023. Instead, at 12:03 am on December 13, 2023, Plaintiff sent an e-mail to the assigned Magistrate Judge with an incomplete draft response attached to it.  See Exhibit A to this Memorandum Opinion and Order.  The e-mail indicated Plaintiff was having some unspecified filing issues and asked the Court to accept the incomplete draft response until he could file a complete final response. (Exhibit A).  The Court notified Plaintiff that the Court's Local Rules prohibit filing by e-mail and that, if he wanted the Court to consider his response, he needed to properly file it with the Clerk of the Court.  *See* D.N.M. LR-Civ. 5.1(a).  To date, Plaintiff has failed to properly file his response with the Clerk of the Court.

The record establishes that Plaintiff and Defendants entered into a binding Settlement Agreement and Mutual Release.  (Doc. 45 at 2-3; Doc. 45-1).  Defendants tendered the settlement check to Plaintiff and obtained Plaintiff's acceptance of the check, thus performing all necessary acts by Defendants to effectuate the settlement.  (Doc. 45-1; 45-2).  Plaintiff concedes he received the settlement check and has spent at least some of settlement monies. (Doc. 43 at 1).  *Hendrickson v. AFSCME Council 18,* 992 F.3d 950, 959 (10th Cir. 2021) (a contract supported by an offer, acceptance, consideration, and mutual assent, is binding).  Plaintiff did not file a motion to rescind the settlement by November 21, 2023, and did not file a response to the Motion to Enforce Settlement by the extended deadline of December 12, 2023.  Therefore, the Court deems Plaintiff to have consented to the Motion to Enforce Settlement and will grant the Motion. (Doc. 47).

However, even if the Court were to consider Plaintiff's incomplete draft response e-mailed to the Magistrate Judge on December 13, 2023, Plaintiff raises nothing that would change the result.  Plaintiff first argues that he was not competent to enter into the Settlement Agreement and

Mutual Release and, therefore, the agreement should be rescinded.  (Exhibit A at 6-8).  However,

the Settlement Agreement and Mutual Release expressly states:

> "b.  Plaintiff warrants that it is legally competent and has the
> authority to enter into this Release . . .
>
> d.  Plaintiff represents and warrants the (a) the execution and delivery of this
> instrument by the undersigned, and the performance of its terms thereby,
> have been duly and validly authorized and approved by all requisite actions
> required by law; and (b) this instrument constitutes a valid and binding
> agreement between the Parties enforceable against them in accordance
> with its terms."

(Doc. 45-1 at 2).  Having expressly warranted that he was competent to enter into the agreement

and that the agreement is valid and binding, Plaintiff cannot now turn around and allege he was

not competent at the time.[1]  *See, e.g., Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d

762, 767 (10th Cir. 1999) (court will not consider later statements of a party to alter or contradict

unambiguous contract language); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973

(10th Cir. 2001) (a party may not create a sham issue by making statements directly

contradicting the previous position of the party); *Jones v. United Minerals Corp.,* 93 N.M. 706

(1979) (a party's later repudiation of a settlement agreement will not release the repudiating

party).

Plaintiff also makes a rambling, disjointed argument that the proceeds of the settlement

are not sufficient to address his financial concerns.  (Exhibit A at 4-5).  However, Plaintiff's

financial situation, including whether an unidentified woman misappropriated his father's life

insurance proceeds, does not demonstrate unconscionability, fraud, undue influence, coercion or

---

[1] There is nothing in the record to support a finding by the Court that Plaintiff is incompetent.
Court notes, however, that, if Plaintiff was actually incompetent to enter into the Settlement
Agreement and Mutual Release at the time he signed it, then he would also be incompetent to
maintain this lawsuit as a pro se party.  Fed. R. Civ. P. 17(c).

mistake sufficient to afford a basis to set aside or rescind a binding settlement agreement. *Quintana v. Motel 6, Inc.* 230 P.2d 597, 598 (N.M. Ct. App. 1984); *Winrock Inn Co. v. Prudential Ins. Co. of Am.,* 928 P.2d 947, 956 (N.M. Ct. App. 1996); *State ex rel. King v. B&B Inv. Grp., Inc.,* 329 P.3d 658 (N.M. 2014).[2]

Last, Plaintiff also argues that an attorney representing him in a second lawsuit misadvised him and did not follow his directions regarding the settlement.  (Exhibit A at 6). Plaintiff was, however, acting pro se in this case, and Plaintiff's own signature appears on the settlement agreement.  (Doc. 45-1 at 3).  Further, even if the attorney had been representing Plaintiff in connection with this lawsuit, any disputes Plaintiff may have regarding alleged actions outside the scope of the attorney's authorization or allegedly incorrect representations by the attorney are between Plaintiff and his attorney and do not alter the binding nature of the Settlement Agreement and Mutual Release.  *Hunt v. Rio at Rust Ctr., LLC,* 495 P.3d 634 (N.M. Ct. App. 2020).

Plaintiff entered into a valid, binding Settlement Agreement and Release.  The Settlement Agreement required Plaintiff to dismiss this action with prejudice no later than 10 days after Plaintiff's receipt of the settlement payment from Defendants.  (Doc. 45-1 at 1).  Plaintiff received the settlement payment far more than 10 days ago.  (Doc. 45-2 at 1-2).   The record shows that all contractual conditions necessary to enforcement of the Settlement Agreement and Release have been met and Plaintiff has presented no timely, proper, or meritorious reasons why the agreement should be set aside or rescinded.  Therefore, the Court will grant Defendants'

---

[2] Issues involving formation and construction of settlement agreements are determined by applying state contract law.  *Walters v. Wal-Mart Stores, Inc.,* 703 F.3d 1167, 1172 (10th Cir. 2013).

Motion to Enforce Settlement Agreement and for Order of Dismissal (Doc. 45) and will enter a final judgment of dismissal with prejudice.

IT IS HEREBY ORDERED:

(1) Defendants' Motion to Enforce Settlement Agreement and for Order of Dismissal (Doc. 45) is **GRANTED;**

(2) Plaintiff's Motion to amend (Doc. 34) is **DENIED as moot;** and

(3) the case is **DISMISSED** with prejudice, with each party to bear its own costs.

_____

CHIEF UNITED STATES DISTRICT JUDGE