IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RANDAL PRUIT,

      **Plaintiff,**

vs.                                  No. 1:20-CV-00467- WJ-SCY

HALEY LEVY, TIMOTHY ORUM,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S PREFILING OF MOTION 59(E)/NOTICE OF INTENT TO APPEAL

THIS MATTER is before the Court on the Prefiling of Motion 59(E)/Notice of Intent to Appeal filed December 28, 2023, by Plaintiff Randal Pruit. (Doc. 51). The Court construes Plaintiff's Prefiling to be a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and denies the motion.

The Federal Rules of Civil Procedure do not contemplate "prefiling." Instead, motions directed to altering a final judgment are generally construed as proceeding under Fed. R. Civ. P. 59(e). *See T.B. by & through Bell v. NW Independent School District,* 980 F.3d 1047, 1051 (5th Cir. 2020); *Peterson v. The Travelers Indemnity Co.,* 867 F.3d 992, 997 (8th Cir. 2017). A motion to alter or amend a judgment under Rule 59(e) must be brought within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Final Judgment was entered in this case on December 15, 2023. (Doc. 48, 49). Plaintiff Pruit filed his December 28, 2023, Prefiling within twenty-eight days after entry of Judgment and the Court treats it as a timely motion to alter or amend judgment under Fed.

1

R. Civ. P. 59(e). The Court will construe the Prefiling as a post-judgment request for reconsideration.

A motion to alter or amend judgment under Rule 59(e) asks the court to reconsider matters "properly encompassed in a decision on the merits." *See Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). A motion to alter or amend is appropriately used to challenge the correctness of a court's judgment on the grounds that the district court has misapprehended the facts, a party's position, or the controlling law. *See Van Skiver v. U.S.,* 952 F.2d 1241, 43–44 (10th Cir.1991), *cert. denied,* 506 U.S. 828 (1992); *Barber ex rel. Barber v. Colo. Dep't of Revenue,* 562 F.3d 1222, 1228 (10th Cir.2009) (quoting *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000). The three main grounds for reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See id.* Rule 59(e) does not provide a vehicle for a party to merely relitigate arguments previously considered and rejected in the underlying ruling. *See e.g., Mincey v. Head,* 206 F.3d 1106, 1137 n. 69 (11th Cir.2000); *In re Worlds of Wonder Securities Litigation,* 814 F.Supp. 850, 874 (N.D.Cal.1993). The petitioner seeking relief from the judgment bears the burden of demonstrating that he satisfies the prerequisites for Rule 59(e) relief. *Van Skiver,* 952 F.2d at 1243–44.

The parties entered into an agreement to settle this case in August 2023. (Doc. 45 at 2-3). All parties, including Plaintiff, signed a Settlement Agreement and Mutual Release. (Doc. 45-1 at 3-4). In the Settlement Agreement and Mutual Release, Plaintiff agreed to dismiss this action with prejudice no later than 10 days after Plaintiff's receipt of the settlement payment from Defendants. (Doc. 45-1 at 1). On September 5, 2023, the parties notified the assigned Magistrate Judge that they had reached a settlement of the case. (Doc. 45 at 3). The Magistrate Judge ordered that the

dismissal papers be submitted no later than 45 days from September 5, 2023.  (Doc. 45 at 3; Doc. 39, 40).

The Defendants issued the settlement check to Plaintiff and Plaintiff received and accepted the settlement check on August 31, 2023.  (Doc. 45 at 3; Doc. 45-2 at 1-2).  Plaintiff does not dispute that he received the settlement payment and concedes that he has spent some of the settlement funds.  (Doc. 43 at 1).  Plaintiff, however, has refused to sign the dismissal papers to have this proceeding dismissed as agreed to in the Settlement Agreement and Mutual Release.  (Doc. 45 at 3; Doc. 45-1).  The Court granted Defendants' motion to enforce the settlement after Plaintiff's repeated failure to comply with orders to submit dismissal papers, with deadlines to file motions directed to the settlement, and with Plaintiff's own requested extensions of time, and entered final Judgment.  (Doc. 48, 49).

On December 28, 2023, Plaintiff filed his Prefiling.  (Doc. 51).  At the same time Plaintiff also filed an untimely Response in Opposition to First Motion to Enforce Settlement.  (Doc. 50).  Under Plaintiff's own requested extension of time, the Response in Opposition had been due December 12, 2023.  The Response appears to be another version of Plaintiff's e-mail attached as Exhibit A to the Court's December 15, 2023, Memorandum Opinion and Order (Doc. 48) and was filed out-of-time without leave of the Court.

The record demonstrates that Plaintiff entered into a binding settlement agreement.  Doc. 45, 45-1; *Hendrickson v. AFSCME Council 18,* 992 F.3d 950, 959 (10th Cir. 2021).  Plaintiff accepted and retained the settlement check and spent at least some of the settlement funds.  Plaintiff's acceptance of the settlement check and funds creates an accord and satisfaction of the settlement agreement.  *Valley Asphalt, Inc. v. Stimpel Wiebelhaus Assocs.*, 3 F. App'x 838, 839–40 (10th Cir. 2001).  This Court properly granted enforcement of the settlement agreement to settle

the litigation pending before the Court. *Shoels v. Klebold,* 375 F.3d 1054, 1060 (10th Cir.2004) (Court can summarily enforce a settlement agreement entered into by litigants while the matter is pending before it).

Plaintiff's Prefiling does not argue any legal or factual error in the Court's decision to enforce the settlement. Instead, Plaintiff complains:

> The Court's acceptance of a small lump sum payment such as this in no way takes into account ongoing issues or address any of the internal issues within the police department is the same as telling them what they did is OK. IT IS NOT."

(Doc. 51 at 2). The Plaintiff's Prefiling reflects that Plaintiff is experiencing "buyer's remorse" for his decision to settle and wants the Court to give him more money. However, Plaintiff's post-settlement remorse is not a basis to set aside the settlement agreement or to alter or amend this Court's December 15, 2023, Judgment. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002) ("we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation.").

Plaintiff also continues to argue the same issues he previously raised that medical and/or mental health issues should excuse him from compliance with orders, deadlines, and the settlement agreement. (Doc. 50, 51). However, his continued recitation of alleged medical, mental health, or competency issues is not sufficient to excuse compliance and he presents no actual evidence from any medical or mental health provider or institution to support his allegations. Further, his arguments are largely directed to his failure to meet November and December deadlines and extensions and do not substantively address why he should not be required to fulfill his end of the bargain he negotiated, agreed to, and accepted.

Plaintiff presents no intervening change in controlling law, availability of new evidence or a need to correct clear error or prevent manifest injustice sufficient to justify Rule 59(e) relief from the Judgment. *Van Skiver,* 952 F.2d at 43–44; *Barber ex rel. Barber,* 562 F.3d at 1228. Rule 59(e) does not provide a vehicle for a party to merely relitigate arguments previously considered and rejected in the underlying ruling. *See e.g., Mincey v. Head,* 206 F.3d 1106, 1137 n. 69 (11th Cir.2000); *In re Worlds of Wonder Securities Litigation,* 814 F.Supp. 850, 874 (N.D.Cal.1993). The Court has considered and rejected his arguments in its December 15, 2023, Memorandum Opinion and Order. (Doc. 48).

The Court finds it difficult to consider $40,000.00 as a small or insignificant sum of money. Post-settlement dissatisfaction with the settlement amount is not uncommon. However, Plaintiff chose to enter into a settlement agreement in August 2023, signing the agreement and expressly representing that he was competent to enter into the agreement. (Doc. 45-1 at 2). Plaintiff also chose to accept the settlement check and has already expended at least some of the settlement funds. (Doc. 45 at 3; Doc. 45-2 at 1-2). Months after the agreement and payment of the settlement, Plaintiff has now decided he wants more money. (Doc. 51). However, he presents no basis for the Court to reconsider its prior opinion and Judgment enforcing the settlement. (Doc. 48, 49). Therefore, the Court **DENIES** the Prefiling of Motion 59(E)/Notice of Intent to Appeal filed December 28, 2023, by Plaintiff Randal Pruit (Doc. 51).

Finally, the Court places Plaintiff on notice that this case has settled, Defendants have done everything required of them in the binding Settlement Agreement, and therefore this case is **finished, completed, done and terminated**. Plaintiff is further placed on notice that any further pleadings filed in this case by him, other than a notice of appeal, may result in the Court issuing an Order to Show Cause Why Plaintiff Should not be held in Contempt of Court and if the Court

were to find Plaintiff in Contempt of Court by continuing to engage in frivolous litigation wasting the Court's time and resources, Plaintiff may be sanctioned by the Court.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE